IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAGDA L. LACY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 11 C 1556 |
| v. ) | |
| ) | Magistrate Judge Sidney I. Schenkier |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER[2]

Plaintiff, Magda L. Lacy, filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB"). On October 4, 2012, this Court reversed and remanded the decision of the Administrative Law Judge ("ALJ"). *Lacy v. Astrue*, 11 C 1556, 2012 WL 4759231 (N.D. Ill. Oct. 4, 2012). Ms. Lacy subsequently filed a motion seeking payment of her attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (doc. # 38: Pl.'s Mot. for EAJA Fees). Ms. Lacy seeks a total award of fees and costs in the amount of $11,526.73 (*Id.* at 5). For the reasons set forth below, this Court denies Ms. Lacy's motion.

I.

EAJA "directs a court to award fees to a prevailing party in a suit against the United States unless the government's position was substantially justified or special circumstances make

---

[1] On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin is automatically substituted as defendant.

[2] On May 3, 2011, by consent of the parties (doc. #13) and in accordance with 28 U.S.C. § 636(c), this matter was reassigned to this Court for all proceedings, including the entry of final judgment (doc. # 14).

the award unjust." *Stewart v. Astrue*, 561 F.3d 679, 682 (7th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)). The Commissioner argues that we should deny Ms. Lacy's motion for fees because the government's position was substantially justified (doc. # 43: Comm'r Resp. at 2). The Commissioner bears the burden of proving that the ALJ's decision and the Commissioner's defense of it were substantially justified. *Stewart*, 561 F.3d at 683.

While EAJA does not define the term "substantially justified," the Supreme Court has held that the government's position must be "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). A position taken by the Commissioner is substantially justified if "a reasonable person could conclude that the ALJ's opinion and the commissioner's defense of the opinion had a rational basis in fact and law," even if that opinion turns out to be "completely wrong." *Bassett v. Astrue*, 641 F.3d 857, 859 (7th Cir. 2011). "[T]he Supreme Court has entrusted the question whether the commissioner's position is substantially justified to the discretion of the district court, in no small part because the analysis is not susceptible to a firm rule or even a 'useful generalization.'" *Id.* (quoting *Pierce*, 487 U.S. at 561–62).

Nevertheless, the Seventh Circuit noted that "it typically takes something more egregious than just a run-of-the-mill error in articulation to make the commissioner's position unjustified—something like the ALJ's ignoring or mischaracterizing a significant body of evidence, or the commissioner's defending the ALJ's opinion on a forbidden basis." *Bassett*, 641 F.3d at 860. "For example, the ALJ's opinion might offer merely a 'cursory and inadequate' analysis of an important point, but that shortcoming alone usually will not be enough to poison the opinion—or the commissioner's defense of the opinion." *Id.* at 859-60.

## II.

In our October 4, 2012 opinion, we rejected four arguments raised by plaintiff to challenge the ALJ's decision, finding that the ALJ's determinations as to Ms. Lacy's alleged mental impairments, radiculopathy, and credibility were supported by substantial evidence. *Lacy*, 2012 WL 4759231, at *15-16. However, we found that one issue raised by plaintiff "ha[d] sufficient merit to require a remand": that the ALJ failed to inquire sufficiently into the reliability of the vocational expert's ("VE") testimony about the number of available jobs a person with Ms. Lacy's RFC could perform. *Id.* at *11.

At the hearing, the VE testified that a significant number of sedentary and light jobs exist for someone with Ms. Lacy's RFC, but fewer jobs than those listed in the Department of Labor statistics. *Lacy*, 2012 WL 4759231, at *11. The VE testified that in reducing the number of jobs available, she relied on her fourteen years of experience performing direct job placement services and labor market surveys, and she had reports and statistics from her work available for review. *Id.* Plaintiff's attorney asked to see the "source" of the VE's reduced numbers and a "scientific analysis" verifying how the job numbers were reduced for a person with Ms. Lacy's specific limitations. *Id.* at *12. The ALJ stated that a "scientific verification" of the VE's analysis does not exist, and plaintiff's attorney responded that "if there's nothing to see, then that's fine," but she had "to preserve . . . for the record" whether the VE's opinion is "based on experience and nothing scientific." *Id.*

In our opinion, we concluded that "the ALJ should have done more in an effort to vet the VE's reduction," in order to satisfy the requirement in *McKinnie v. Barnhart*, 368 F.3d 907, 911 (7th Cir. 2004), that if the claimant challenges the foundation of the vocational expert's opinions, "the data and reasoning underlying that bottom line must be available on demand" and "the ALJ

3

should make an inquiry . . . to find out whether the purported expert's conclusions are reliable." *Lacy*, 2012 WL 4759231, at *13 (quoting *McKinnie*, 368 F.3d at 911). *First*, we reasoned that the ALJ's attempt to inquire into the reliability of the VE's conclusions "fell short" because although the ALJ inquired into the VE's experience in general, the ALJ did not elicit more detailed information about the VE's experience in placing persons in jobs with similar limitations to Ms. Lacy. *Lacy*, 2012 WL 4759231, at *13. *Second*, we held that the ALJ erred by not making the data and reasoning underlying the VE's numbers available to Ms. Lacy's attorney. *Id.* at *14.

In making this determination, we noted "the complexity of the Step 5 analysis when a plaintiff's RFC does not fit squarely within the labels of work capability set forth in the DOT," and the ALJ's and plaintiff's counsel's "lament[s]" as to the lack of administrative and judicial guidance on this issue. *Lacy*, 2012 WL 4759231, at *13. Indeed, we found the same void: "[t]he Seventh Circuit has never clarified *McKinnie*'s requirements concerning precisely what a VE must provide when a plaintiff's attorney challenges his or her testimony." *Id.* at *14.

Nevertheless, we "endorse[d] the suggestion in *Smith v. Astrue*, No. 09 C 2392, 2010 WL 3526655, at *17 (N.D. Ill. Sept. 1, 2010), that an ALJ might satisfy *McKinnie*'s requirements by eliciting 'specific data on the number of job candidates [the VE] had handled similar to the plaintiff, the number of jobs available to such candidates, or the reasons supporting the VE's belief that the job market continued to provide jobs to [workers with plaintiff's restrictions],'" and "some specificity concerning the facts, figures, or other data that form the basis of [the VE] testimony." *Lacy*, 2012 WL 4759231, at *14 (quoting *Smith*, 2010 WL 3526655, at *17). As the ALJ did not do these things, we remanded the case.

4

## III.

Plaintiff now argues that in relying on the VE's reduced numbers, the "ALJ violated the mandate of established judicial precedent" as set out in *McKinnie*, 368 F.3d at 911, and the Commissioner's defense of the ALJ's opinion was "contrary to longstanding judicial precedent. . . . does not have a reasonable basis in law, and is therefore not substantially justified" (Pl.'s Mot. at 3 (citing *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004)). Plaintiff contends that EAJA fees should be awarded even though this Court rejected the other arguments set forth by plaintiff, because otherwise, plaintiff's counsel would be reluctant to appeal an ALJ's decision based on a failure to meet *McKinnie*'s requirements (doc. # 44: Pl.'s Reply at 1-3 (citing *Bailey v. Barnhart*, 473 F. Supp. 2d 842, 846 (N.D. Ill. 2006) (holding that plaintiff need not prevail "on all, or even a majority, of her arguments in order to be awarded fees under the EAJA")).

While we acknowledge plaintiff's counsel's concerns, the language in our earlier opinion demonstrates that the Commissioner was substantially justified in defending the ALJ's opinion. This is not a case where "the ALJ[] ignor[ed] or mischaracterize[ed] a significant body of evidence," or "the commissioner[] defend[ed] the ALJ's opinion on a forbidden basis." *Bassett*, 641 F.3d at 860. Rather, this case is more akin to the Seventh Circuit's example of an ALJ's opinion that "offer[ed] merely a cursory and inadequate analysis of an important point," which "shortcoming alone usually will not be enough to poison the opinion—or the commissioner's defense of the opinion." *Id.* at 859.

Both the ALJ, plaintiff's counsel at the hearing, and this Court noted the lack of guidance as to what *McKinnie* requires. While we ultimately endorsed the suggestion of *Smith*, 2010 WL 3526655, at *17, which interpreted *McKinnie* as requiring more than what the ALJ here did, "the

5

difficulty of drawing this line . . . does show that a reasonable person could conclude that both the ALJ's opinion and the commissioner's defense of the opinion had a rational basis in fact and law." *Bassett*, 641 F.3d at 860. Thus, this case is unlike *Stewart*, 561 F.3d at 684, where "the ALJ contravened longstanding agency regulations," and unlike *Golembiewski*, 382 F.3d at 724, where the ALJ and the Commissioner "violated clear and long[standing] judicial precedent," such that the Commissioner's position could not be called substantially justified.

Furthermore, the Seventh Circuit has held that "a district court ought to keep in mind that some of the claimant's attacks on the ALJ's opinion did not hold any water." *Bassett*, 641 F.3d at 860 (citing *Stewart*, 561 F.3d at 683-84). "Although the court should not mechanically 'count arguments,' a court deciding a substantial justification issue under the EAJA certainly may consider issues on which the government prevailed." *See Suide v. Astrue*, 453 F. App'x 646, 649 (7th Cir. 2011) (citing *Stewart*, 561 F.3d at 683-84). While we agree with plaintiff that she need not "prevail on all, or even a majority, of her arguments in order to be awarded fees under the EAJA," *Bailey*, 473 F. Supp. 2d at 846, here, we rejected all of plaintiff's other arguments for remand – four in all – before remanding on the *McKinnie* issue.

Accordingly, this is not a case where plaintiff can point to multiple errors to support an argument that the ALJ's determination lacked substantial justification; plaintiff's substantial justification argument rises and falls on the *McKinnie* issue alone. As we have explained, that issue presented a sufficient level of ambiguity that, based on the record here, we find that the ALJ's opinion was substantially justified.

In its ruling, this Court also did not use "strong language against the government's position" on the *McKinnie* issue in our opinion, as would support an award of EAJA fees. *Golembiewski*, 382 F.3d at 724. Rather, we noted that "[t]he ALJ (no doubt unintentionally)

6

hampered the plaintiff's attorney's efforts to acquire documents" by essentially denying that the VE possessed documents containing the information plaintiff's attorney sought. *Lacy*, 2012 WL 4759231, at *14. In addition, "Ms. Lacy's attorney contributed to the unsatisfactory handling of [the *McKinnie* issue] by sending some mixed messages. She both asked for information and at the same time explained that she was requesting the information to 'preserve [the issue] for the record.' Indeed, plaintiff's attorney stated that 'if there's nothing for [her] to see, then that's fine,' suggesting she was more interested in preserving the issue than in getting the information." *Id.* at *15.

Ms. Lacy points out that the plaintiff's attorney in the *Smith* case was awarded EAJA fees, despite only prevailing on the *McKinnie* issue in that case (Pl.'s Mot. at 3 (citing *Smith v. Astrue*, No. 09 C 2392, 2011 WL 2746339 (N.D. Ill. July 14, 2011)). We endorsed the suggestion in *Smith*, 2010 WL 3526655, as to what could be done to satisfy the *McKinnie* requirements. However, to the extent that the *Smith* court's award of EAJA fees is read to suggest that *McKinnie* "clearly requires" the ALJ follow the guidelines the *Smith* court enumerated in its previous opinion, *see Smith*, 2011 WL 2746339, at *2, with respect we disagree.

The ALJ's failure to adhere to *McKinnie* was more evident in *Smith* than in this case. In *Smith*, the VE "failed to produce, or even refer to, supporting reports or documents at the hearing despite strong and direct demands for them by the Plaintiff's counsel." *Smith*, 2011 WL 2746339, at *3. By contrast, in the instant case, the VE, the ALJ, and Ms. Lacy's counsel had extensive discussions about the documents that could support the VE's testimony. *Lacy*, 2012 WL 4759231, at *13. The VE testified that she had supporting reports and statistics available for review if necessary, but after inquiries by plaintiff's counsel, the ALJ found that the scientific

7

data sought by plaintiff's counsel did not exist. *Id.* at *14. Additionally, plaintiff's attorney's request for the "source" of the VE's numbers was complicated by the attorney's acknowledgement that such documents might not exist, and that she was seeking them to "preserve [the issue] for the record." *Id.* at *15. Thus, though the government was unable to provide substantial evidence that it satisfied the requirements of *McKinnie*, the ALJ's opinion and the government's position in defending the ALJ's opinion was substantially justified.[3]

## CONCLUSION

For the reasons stated above, this Court denies plaintiff's motion for attorney's fees and costs (doc. # 38) pursuant to the EAJA, 298 U.S.C. § 2412.

ENTER:

SIDNEY I. SCHENKIER
United States Magistrate Judge

Dated: April 22, 2013

---

[3] In aid of her EAJA petition, Ms. Lacy also offers a string cite to nine cases that found that a failure to satisfy *McKinnie* required remand (Pl.'s Reply at 4). Further research shows that an opinion on EAJA fees was written in only four of those cases, and those opinions do not help plaintiff's argument here. EAJA fees were granted in three of those cases, but in two of them, the Commissioner did not argue that its position was substantially justified, and the courts did not address the issue. *See Carnaghi v. Astrue*, 11 C 2718, 2012 WL 6186823 (N.D. Ill. Dec. 12, 2012); *Garcia v. Colvin*, No. 11 C 165, 2013 WL 1343662 (N.D. Ind. Apr. 3, 2013). In the third case granting EAJA fees, *Denham v. Barnhart*, No. 05 C 3128, 2006 WL 4082761, at *2 (N.D. Ill. Sept. 6, 2006), the court found no substantial justification, but in doing so, the court did not discuss the *McKinnie* issue; rather, the court found the Commissioner was not substantially justified in defending the ALJ's insufficient credibility determination. The fourth written EAJA opinion, the one denying EAJA fees, is most analogous to our case. In *Polly v. Astrue*, No. 08 CV 158, 2009 WL 2883048, at *3 (N.D. Ind. Sept. 3, 2009), the court found that the government's position defending the ALJ's evaluation of the VE's testimony was substantially justified because "there was at least some testimony delving into the reliability [by the ALJ] of the VE's methodology."

8